UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFF GEISNER, <br> JOLENE GEISNER, <br><br> Plaintiffs, <br><br> v. <br><br> G4S SECURE SOLUTIONS (USA) INC. <br> formerly known as WAKENHUT, <br><br> Defendant. | Case No. 1:12-cv-00401-TWP-DKL |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant G4S Secure Solutions (USA) Inc.'s ("G4S") Motion for Summary Judgment (Dkt. 37). Plaintiffs Jeff Geisner ("Mr. Geisner") and Jolene Geisner (collectively, "the Geisners") brought this action against G4S for personal injuries Mr. Geisner sustained when a machine he was working on collapsed, allegedly due to the weight of water being sprayed on the machine by G4S for fire suppression. For the reasons set forth below, G4S's motion is **DENIED**.

**I. BACKGROUND**

The following material facts are not in dispute and are viewed in the light most favorable to the Geisners as the non-moving parties. *See Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 728 (7th Cir. 2011). Mr. Geisner worked as a millwright at Chrysler Casting Plant ("Chrysler") in Kokomo, Indiana. In order to become a millwright, Mr. Geisner underwent an apprenticeship program at Chrysler for approximately five years where he learned manufacturing, processing, metallurgy, and metal fabrication. G4S, formerly known as The Wackenhut Corporation, contracted with Chrysler to provide security and fire prevention services. Before any activity

could occur that presented a fire hazard on the site, such as using cutting torches, G4S fire marshals were required to evaluate the situation and determine the potential risk of a fire hazard and then issue a permit to conduct the requested activity if appropriate. G4S was also responsible for remediating some potential fire hazards.

Mr. Geisner's injuries occurred while he was doing work on a Pangborn de-burring machine (the "Pangborn machine"). The Pangborn machine utilized metallic shot to peen aluminum transmission castings in order to remove rough or sharp edges. The dust created by this process is flammable or combustible. Chrysler employees periodically cleaned this dust off of the machine to prevent a fire hazard. In 2010, new equipment rendered the Pangborn machine obsolete, so Chrysler decided to dismantle and remove it from the facility. In order to accomplish this task, the machine was to be cut into smaller pieces. Due to the flammable properties of the shot peen dust still contained in or around the Pangborn machine, a permit was sought from G4S before demolition of the machine began. Throughout the demolition process, G4S periodically sprayed the machine with water to prevent a fire hazard that could occur when cutting torches were used near the shot peen dust.

On April 25, 2010, Mr. Geisner was working with Steven Stahl ("Mr. Stahl"), who was also a millwright employed at Chrysler with experience in metal fabrication. Mr. Geisner and Mr. Stahl were assigned the specific task of dismantling the Pangborn machine. Several other millwrights had been working on dismantling the machine prior to Mr. Geisner's and Mr. Stahl's work on the machine. There were no specific instructions on how to dismantle the Pangborn machine, and the millwrights were simply told to start at the top and work their way down, cutting the machine into pieces. The area where Mr. Geisner was working was approximately 15 to 18 feet off the ground, which typically requires the use of a safety lanyard for fall protection.

However, Mr. Geisner alleges that there was nothing to anchor the lanyard to so he did not utilize it that day. During Mr. Geisner's and Mr. Stahl's break, G4S sprayed water on the machine so that the steel shot and dust would not be a fire hazard. Following his break, Mr. Geisner resumed cutting away part of the structure when one of the ends of the platform he was working on came loose and collapsed, causing him to fall and sustain serious injuries. Additional facts will be addressed below as necessary.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat the motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). "[N]either the mere existence of some alleged factual dispute between the parties . . . nor the existence of some metaphysical doubt as to the material

facts . . . is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

### III.  DISCUSSION

The Geisners filed this action alleging that G4S's negligence was the proximate cause of the injuries which Mr. Geisner sustained on April 25, 2010.  Under Indiana law, the tort of negligence consists of three elements: 1) a duty on the part of the defendant in relation to the plaintiff; 2) a failure on the part of the defendant to conform its conduct to the requisite standard of care required by the relationship; and 3) an injury to the plaintiff resulting from that failure. *Thiele v. Faygo Beverage, Inc.*, 489 N.E.2d 562, 573 (Ind. Ct. App. 1986).  Summary judgment in negligence cases is "rarely appropriate," and the question of proximate cause is generally a question of fact for the jury to decide.  *Rhodes v. Wright*, 805 N.E.2d 382, 387-88 (Ind. 2004). Proximate cause becomes a question of law only in plain and indisputable cases where a single inference or conclusion can be drawn from the evidence.  *Florio v. Tilley*, 875 N.E.2d 253, 256 (Ind. Ct. App. 2007).

G4S argues the Geisners have not presented any admissible evidence supporting their claim that G4S's act of spraying water on the Pangborn machine was the proximate cause of Mr. Geisner's injuries.  Alternatively, G4S argues that the collapse was not a foreseeable consequence of spraying water on the machine.  The Geisners assert that there are questions of material fact with regard to whether the conduct of G4S, Chrysler or Mr. Geisner was the proximate cause of Mr. Geisner's injuries and that such a determination cannot be made as a matter of law.

Applying these principles, the primary issue in this case is whether the water sprayed on the Pangborn machine by G4S was the proximate cause of Mr. Geisner's injuries, or whether his

injuries were caused by some act or omission by Chrysler, Mr. Geisner himself, or a combination of these circumstances. The Geisners have presented evidence that there were possibly several inches of accumulated steel shot BBs and dust on the top of the machine at the time of the accident, and G4S opted to wet this material down to alleviate the fire hazard rather than clearing all or some of the material from the machine. Dkt. 42-1 at 4. Their theory is that the weight of the wet dust and the water caused the machine to collapse. Viewing these facts in the light most favorable to the non-moving parties, the Court cannot say that, as a matter of law, G4S's actions in spraying water on the accumulated steel shot, or using a high-pressure hose on a machine that was in the process of being demolished did not have any role in its collapse. This is a factual determination best left to a jury, and it will be up to the fact finder to decide whether the Geisners have presented sufficient evidence to prove their case against G4S. Therefore, summary judgment is not appropriate in this case, and G4S's motion is **DENIED**.

### IV. CONCLUSION

For the forgoing reasons, G4S's Motion for Summary Judgment (Dkt. 37) is **DENIED**.

**SO ORDERED.**

Date: 09/09/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Matthew M. Golitko
GOLITKO & DALY, P.C.
matt@golitkodaly.com

John P. Daly, Jr.
GOLITKO & DALY, P.C.
john@golitkodaly.com

Christopher R. Whitten
WHITTEN LAW OFFICE
cwhitten@indycounsel.com

James L. Culp
WHITTEN LAW OFFICE
jculp@indycounsel.com

Jason J. Hoy
WHITTEN LAW OFFICE
jhoy@indycounsel.com